1  Kassra P. Nassiri (State Bar No. 215405)
   knassiri@nassiri-jung.com
2  Andrew R. Kislik (State Bar No. 118772)
   akislik@nassiri-jung.com
3  NASSIRI & JUNG LLP
   251 Kearny Street, Suite 501
4  San Francisco, California 94108
   Telephone: (415) 762-3100
5  Facsimile: (415) 534-3200

6  Attorneys for Defendants
   LiveUniverse, Inc. and Brad Greenspan
7

8

9

10                  **UNITED STATES DISTRICT COURT**

11                 **CENTRAL DISTRICT OF CALIFORNIA**

12  PEERMUSIC III, LTD., et al.,          )   Case No.: CV-09-6160 GW (PLAx)
                                          )
13              Plaintiffs,               )   **DEFENDANTS' ANSWER TO**
                                          )   **COMPLAINT**
14  v.                                    )
                                          )
15  LIVEUNIVERSE, INC., and               )
                                          )
16  BRAD GREENSPAN,                       )
                                          )
17              Defendants.               )
                                          )
18                                        )
                                          )
19                                        )
                                          )
20                                        )
                                          )
21                                        )
                                          )
22                                        )
                                          )
23  _____

24

25

26       Defendants LiveUniverse, Inc. ("LiveUniverse") and Brad Greenspan ("Greenspan"), by
    and through their attorneys of record herein NASSIRI & JUNG LLP, hereby respond to
27
    Plaintiffs' Complaint.  Except as expressly admitted herein, Defendants deny the allegations of
28
    the Complaint.

1. Defendants are without knowledge or information sufficient to respond to the allegations of paragraphs 1, 2, 3, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 34 and 35 of the Complaint and, on that basis, Defendants deny such allegations.

2. Defendants specifically deny the allegations of paragraphs 5, 6, 7, 8, 31, 36, 38 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75 and 76 of the Complaint.

3. With respect to the allegations of paragraph 4 of the Complaint, Defendants admit that LiveUniverse does business in California (and that its internet websites can be viewed in the Central District of California) and that Greenspan resides in California, and are without knowledge or information sufficient to respond to the remaining allegations, and, on that basis, Defendants deny such allegations.

4. With respect to the allegations of paragraph 29 of the Complaint, Defendants admit that LiveUniverse is a California corporation, and deny all other allegations of paragraph 29.

5. With respect to the allegations of paragraph 30 of the Complaint, Defendants admit that Greenspan is founder of LiveUniverse, and deny all other allegations of paragraph 30.

6. With respect to the allegations of paragraph 32 of the Complaint, Defendants admit that LiveUniverse owns the listed websites, and deny all other allegations of paragraph 32.

7. With respect to the allegations of paragraph 33 of the Complaint, Defendants admit that these websites contain lyrics, and is without knowledge or information sufficient to respond to the remaining allegations and, on that basis, Defendant denies such allegations.

8. With respect to the allegations of paragraph 37 of the Complaint, Defendants admit that these websites generate revenue from advertisements, and deny all other allegations of paragraph 37.

9.  With respect to the allegations of paragraphs 41, 48, 57 and 66 of the Complaint, Defendants incorporate herein, by this reference, their responses above to the paragraphs incorporated into such paragraphs of the Complaint by reference.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

10.  As their First Affirmative Defense, Defendants assert that each of Plaintiffs' asserted causes of action fails to state a cause of action upon which relief can be granted in whole or in part.

**SECOND AFFIRMATIVE DEFENSE**

**(Fair Use)**

11.  As their Second Affirmative Defense, Defendants assert that Plaintiffs' causes of action are barred, in whole or in part, under the fair use doctrine.

**THIRD AFFIRMATIVE DEFENSE**

**(Educational Use)**

12.  As their Third Affirmative Defense, Defendants assert that Plaintiffs causes of action are barred, in whole or in part, because Defendant LiveUniverse operated the websites in question solely for educational purposes and not for profit, and took reasonable steps to inform website users that their use of the website was limited to educational purposes.

**FOURTH AFFIRMATIVE DEFENSE**

**(First Sale Doctrine)**

13.  As their Fourth Affirmative Defense, Defendants are informed and believe, and on that basis assert, that Plaintiffs' causes of action are barred, in whole or in part, by the first sale doctrine.

**FIFTH AFFIRMATIVE DEFENSE**

**(Copyright Invalidity)**

14.  As their Fifth Affirmative Defense, Defendants are informed and believe, and on that basis assert, that Plaintiffs' causes of action are barred, in whole or in part, because of the invalidity of the copyrights they claim.

1

2

### SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands/ Copyright Misuse)

3

4

15.  As their Sixth Affirmative Defense, Defendants are informed and believe, and on that basis assert, that Plaintiffs' causes of action are barred, in whole or in part, under the doctrine of copyright misuse and/or under the "unclean hands" doctrine, because of their improper exploitation of their copyrights.

5

6

### SEVENTH AFFIRMATIVE DEFENSE

7

### (Avoidable Consequences)

8

16.  As their Seventh Affirmative Defense, Defendants assert that Plaintiffs failed to take reasonable steps to avoid the damages Plaintiffs now allege and as a result, Plaintiffs' claims for damages are barred in whole or in part by the doctrine of avoidable consequences.

9

10

11

### EIGHTH AFFIRMATIVE DEFENSE

12

### (Failure to Mitigate)

13

17.  As their Eighth Affirmative Defense, Defendants assert that each of Plaintiffs' asserted causes of action is barred in whole or in part by Plaintiffs' failure to mitigate their alleged damages as required by law.

14

15

16

### NINTH AFFIRMATIVE DEFENSE

17

### (Laches)

18

18.  As their Eighth Affirmative Defense, Defendants assert that each purported cause of action in Plaintiffs' complaint is barred in whole or in part because Plaintiffs unreasonably delayed in bringing this action against Defendants and such delay prejudiced Defendants, and this action is therefore barred, in whole or in part, by the doctrine of laches.

19

20

21

22

### TENTH AFFIRMATIVE DFENSE

23

### (Statute of Limitations)

24

19.  As their Tenth Affirmative Defense, Defendants assert that each of Plaintiffs' asserted causes of action is barred in whole or in part by the applicable statute of limitations.

25

26

27

28

DEFENDANTS' ANSWER TO THE COMPLAINT
Case No.: CV-09-6160 GW (PLAx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

20.  As their Eleventh Affirmative Defense, Defendants assert that Plaintiffs' causes of action are barred, in whole or in part, because by their own acts and omissions, Plaintiffs expressly or impliedly consented, approved, and/or ratified Defendants' conduct, and have therefore waived her right to seek relief or any alleged damages from Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

### (Consent)

21.  As their Twelfth Affirmative Defense, Defendants are informed and believe, and oh that basis assert, that each purported cause of action in Plaintiff's complaint is barred, in whole or in part, because Plaintiff consented to the acts and events set forth herein.

## RESERVATION OF DEFENSES

Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have available additional, as yet unstated, defenses.  Accordingly, Defendants reserve the right to assert other defenses as this action proceeds up to an including the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

1.  For judgment on behalf of Defendants and against Plaintiffs;

2.  For Defendants' reasonable attorney's fees and costs incurred in defending against Plaintiffs' Complaint and any and all causes of action therein; and

3.  For such other and further relief as the Court deems just and proper.

1

2   DATED:  October 29, 2009

3                                                NASSIRI & JUNG LLP

4                                                By: _____/s/ Kassra Nassiri_____

5                                                     KASSRA NASSIRI
                                                 Attorneys for Defendants
6                                                LiveUniverse, Inc. and Brad Greenspan

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' ANSWER TO THE COMPLAINT**
Case No.: CV-09-6160 GW (PLAx)