Peter C. Bronstein (SBN 153611)
**LAW OFFICE OF PETER C. BRONSTEIN**
1925 Century Park East, Suite 350
Los Angeles, CA. 90067
(310) 203-2249 Telephone
(310) 203-2259 Facsimile
Email: Peterbronz@yahoo.com

Attorney for LiveUniverse, Inc.
and Brad Greenspan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peermusic III, Ltd., Songs of Peer, Ltd., Peer International Corp,, Peermusic Ltd., PSO Ltd., Southern Music Publishing Co., Inc., WB Music Corp., Warner-Tamerlane Publishing Corp., Unichappell Music, Inc., Bug Music, Inc., Windswept Holdings LLC and Hitco Music Publishing, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>LiveUniverse, Inc. and Brad Greenspan,<br><br>Defendants. | Case No. CV09-6160-GW (PLAx)<br><br>**DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINARY INJUCTION; DECLARATION OF BRAD GREENSPAN**<br><br>Date: May 13, 2010<br>Time: 8:30 a.m<br>Courtroom: 10 (Hon. George H. Wu) |

## INTRODUCTION AND FACTS

Defendant Live Universe, Inc. purchased websites, involved in this case, in approximately 2010, as described in the Declaration of Brad Greenspan ("Decl. of B. Greenspan"), attached hereto and hereby incorporated as Exhibit 1. The websites included websites listed in the Complaint such as www.lyricsdownload.com and other sites that have lyrics. Live Universe is a large website offering videos and other products, and not including lyrics or lyrics for download. Brad Greenspan is an

-1-

**DEFENDANTS OPPOSITION TO PRELIMINARY INJUNCTION**

individual and does not deal with operational issues at the websites of Live Universe, Inc. nor www.lyricsdownload.com and other sites operated by Live Universe, Inc. (see Decl. of B. Greenspan, ¶4).

The www.lyricsdownload.com website offers users the ability to post lyrics on the site (see Decl. of B. Greenspan, ¶5). Users must agree to post lyrics only when they have a valid license or are the owner of the lyrics. To post lyrics there was a submission form and a text-correction form (see Decl. of B. Greenspan, ¶6). The submission process was automatic, and the IP address of each User was saved for one (1) week (see Decl. of B. Greenspan, ¶6). Lyrics were never sold. Thus, each and every song and lyrics is already owned or licensed for additional use. The terms of service of www.lyricsdownload.com states only for personal and non-commercial uses.

## PLAINTIFF'S STRATEGIC DELAY IN SEEKING RELIEF BARS ENTRY OF A PRELIMINARY INJUNCTION UNDER THE DOCTRINE OF LACHES.

Delay in seeking relief is, by itself, a proper basis for denying injunctive relief. *See* 13 *Moore's Federal Practice*, ¶ 65.06[5][b] at 65-26 (3d Ed. 2000) ("*Moore's*") ("A movant should commence an action as soon as he or she has knowledge of defendant's alleged harmful conduct"); *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985). There are several reasons why delay bars injunctive relief. First, delay belies any claim of irreparable injury. *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 275 (2d Cir. 1987); *Amp, Inc. v. Foxconn Inter. Inc.*, 30 U.S.P.Q.2d 1644, 1647 (C.D. Cal. 1994). Second, delay shows that the plaintiff is sitting on her rights, which constitutes grounds for denial of equitable relief from the Court. *Kusan, Inc. v. Alpha Distributors, Inc.*, 693 F. Supp. 1372, 1374 (D. Conn. 1988). Finally, delay causes prejudice to the party against whom relief is requested. *British Columbia Investment Co. v. Federal Deposit Ins. Corp.*, 420 F. Supp. 1217, 1222 (S.D. Cal. 1976).

**DEFENDANTS OPPOSITION TO PRELIMINARY INJUNCTION**

See also <u>Central Point Software, Inc. v. Global Software & Assess.</u>, 859 F.Supp. 640, 644 (E.D.N.Y. 1994), quoting <u>Majorica, S.A. v. R.H. Macy & Co.</u>, 762 F.2d 7, 8 (2d Cir. 1985):Lack of diligence, standing alone, is insufficient to support a claim of laches; the party asserting the claim also must establish that it was prejudiced by the delay. *Lack of diligence, standing alone, may, however, preclude the granting of primlimincry injunctive relief,* because it goes primarily to the issue of irreparable harm rather occasioned prejudice. "Significant delay in applying for injunctive relief in a trademark case tends to neutralize any presumption that infringement alone will cause irreparable harm pending trial, and *such delay alone may justify denial of a preliminary injunction* for trademark infringement." (Citation omitted).

The court noted that courts had denied preliminary injunctions for delays of nine and seven months in trademark and copyright infringement cases. Id. at 644 - 45. For example, the Second Circuit denied a preliminary injunction motion, delayed nine months, in a trademark infringement action. Id. ("[F]ailure to act sooner 'undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief.' "), quoting <u>Citibank, N.A. v. Citytrust</u>, 756 F.2d 273, 277 (2d Cir. 1985).

Here, Plaintiffs filed delayed its Motion for preliminary injunction for eight (8) months after filing the underlying Complaint. Moreover the site itself has been up and running for at least three (3) years. Plaintiff states they investigated before filing the Complaint meaning they had more time to prepare the preliminary injunction and chose not to do so. The Answer was filed in November 2009 and more then five (5) months went by before the motion for preliminary injunction was filed. If an injunction is so important to Plaintiffs then they should not have sat on their alleged rights for so long. . Plaintiffs' motion must be summarily denied.

//

//

**DEFENDANTS OPPOSITION TO PRELIMINARY INJUNCTION**

## U.S. COPYRIGHT LAW REQUIRES REGISTRATION AS A PRECONDITION TO FILING A CLAIM FOR COPYRIGHT INFRINGEMENT

Subject to certain exceptions, the Copyright Act ("Act") requires copyright holders to register their works before suing for copyright infringement 17 U.S.C.A.§411(a). Section 411 of the Act requires Plaintiff to have filed a registration before they filed the herein action. "Plaintiff's own motion for preliminary injunction at pages 6-6 state that they have registered songs listed in Exhibits 1, 2 and 3....Evidence of the Copyright Office records confirming valid registrations for a **substantial representative sample of these songs is attached as Exhibits 1-50**" The Act requires more than a sample and the actual registrations in the name of the Plaintiffs or assigned to the plaintiffs is a minimum requirement where Plaintiffs are attempting to shut down a business via a preliminary injunction! The website states there are over 700,000 songs (see Decl. of B. Greenspan, ¶8). Plaintiffs have provided a representative sample. This is not sufficient. The sample themselves are a list of various songs, names and numbers. Plaintiff needs to establish that there are actual copyright registrations that are owned by Plaintiff. Plaintiff has the ability to obtain copyright registrations in their name relatively easily. Even then, more then a sample is necessary to issue a preliminary injunction for an entire website, effectively putting defendant out of business in these dire economic times.

## THE DIGITAL MILLENIUM COPYRIGHT ACT PROVIDES A SAFE HARBOR FOR THE CLAIMS PLAINTIFF ALLEGES

The Digital Millennium Copyright Act U.S.C.A. ("DMCA") provides protection to Defendants. The DMCA was implemented for the exact circumstances delineated in this case. The basis of the DMCA is to provide a means for Internet service Providers and similarly large enterprises such as Ebay, Amazon and even smaller entities that cannot possibly have the manpower to check every single site, picture, copyrighted piece of information in the current internet age of trillions and more pieces of data. The DMCA provides a procedure for parties who believe there is an infringement of a piece of

-4-

**DEFENDANTS OPPOSITION TO PRELIMINARY INJUNCTION**

copyrighted data and protects the ISP like the defendants from a Copyright infringement case. The procedure is relatively simple and quick-much quicker then a Court procedure, Essentially, the party alleging a copyright infringement must notify the entity such as Defendant that there is an infringement on their website as follows:

Under <u>Title 17, United States Code, and Section 512(c) (3)(A)</u>, the Notification of Claimed Infringement **must include ALL of the following:**

1. Physical or electronic signature of a person authorized to act on behalf of the copyright owner.
2. Identification of the copyrighted work claimed to have been infringed or a representative list if multiple works are involved.
3. Identification of the material that is claimed to be infringing that should be removed or access to disabled and information reasonably sufficient to enable the online service provider to locate the material (usually a URL to the relevant page).
4. Information reasonably sufficient to allow the online service provider to contact the complaining party (address, phone number, e-mail address).
5. Statement that the complaining party has "a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent or the law."
6. Statement that the information in the notice is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the copyright owner.
7. Upon receipt of notification of a claimed infringement, ISP or similar entity will respond expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity, regardless of whether the material or activity is ultimately determined to be infringing; if selective action is not possible, ISP or similar entity will terminate the alleged infringer's Internet access.

The ISP or similar entity will also take reasonable steps to promptly notify the alleged infringer in writing of the claim against him or her, and that it has removed or disabled access to the material (see Sections 512(c)(1)(C) and (g) of the DMCA).

Upon receipt of notice from the ISP or similar entity that a claim of infringement has been made and/or that the material has been removed or that access to it has been disabled, the Subscriber may provide a Counter Notification.

To be effective, a Counter Notification must meet ALL of the following requirements:

1. It must be a written communication;
2. It must be sent to the Service Provider's Designated Agent;
    It must include the following:
    a, A physical or electronic signature of the Subscriber;
    a. Identification of the material that has been removed or to which access has been disabled and the location at which the material appeared before it was removed or access

-5-

**DEFENDANTS OPPOSITION TO PRELIMINARY INJUNCTION**

  to it was disabled;

  b. A statement, under penalty of perjury, that the Subscriber has a good faith belief that the material was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled;

  c. The Subscriber's name, address, and telephone number, and a statement that the Subscriber consents to the jurisdiction of Federal District Court for the judicial district in which the Subscriber's address is located, or if the Subscriber's address is outside of the United States, for any judicial district in which the Service Provider may be found, and that the Subscriber will accept service of process from the person who provided notification or an agent of such person.

Upon receipt of a Counter Notification from the Subscriber containing the information as outlined above, ISP or similar entity will:

- Promptly provide the Complaining Party with a copy of the Counter Notification
- Inform the Complaining Party that it will replace the removed material or cease disabling access to it within ten (10) business days following receipt of the Counter Notice;
- Replace the removed material or cease disabling access to the material in not less than ten (10), nor more than fourteen (14), business days following receipt of the Counter Notice, provided Service Provider's Designated Agent has not received notice from the Complaining Party that an action has been filed seeking a court order to restrain Subscriber from engaging in infringing activity relating to the material on Service Provider's network or system.

Plaintiffs could easily have notified defendants. Defendants chose to send a cease and desist letter that did not comply with the DMCA and certainly did not put Defendants on notice of which songs they claimed they owned. Thus any notification was incomplete and did not comply with the DMCA

## PLAINTIFF HAS MET THE APPLICABLE STANDARD.

The procedures for Plaintiff is requesting for issuance of preliminary injunction are governed by 17 U.S.C.A. §502 (a) . The grounds for issuance of a preliminary injunction are strictly construed as the remedy is so harsh. Injunctions will rarely be granted absent specific statutory authority, where a suit for damages provides a clear remedy. See *Bush v. California Conservation Corps.*, 136 Cal. App. 3d 194, 204 (1982); *Thayer Plymouth Center, Inc. v. Chrysler Motors*, 255 Cal. App. 2d 300, 307 (1967). The burden of proof clearly rests with Plaintiffs. Provisional injunctive relief is an extraordinary and drastic remedy, and should not be granted unless the movant, by a clear showing, carries its burden

-6-

DEFENDANTS OPPOSITION TO PRELIMINARY INJUNCTION

of persuasion. *Sierra Club v. Hickel*, 433 F.2d 24, 33 (9th Cir. 1970), aff'd, 405 U.S. 727 (1972).

## DEFENDANTS TERMS OF SERVICE AND REQUIREMENTS TO POST SONGS PROHIBIT COPYRIGHT INFRINGEMENT AND USAGE FOR ANY COMMERCIAL PURPOSE

Defendants site displays an terms of service, attached hereto and hereby incorporated by reference as Exhibit 2, that specifically states the site and lyrics shall only be used for personal and non-commercial purposes. Any user that has access to the site agrees to the aforementioned terms

## CONCLUSION

Based upon the foregoing, Plaintiffs waited too long to bring this motion and cannot claim they will be imminently harmed when they sat on their rights for more then nine (9) months plus the time to file the Complaint, Plaintiff has failed to establish that they own each and every copyright that they now claim should be taken down, there are other procedures such as the DMCA Act which protects Defendants in cases such as these and the Defendants are not even the parties posting the information. Thus the preliminary injunction must be denied..

Dated: April 30, 2010            LAW OFFICE OF PETER C. BRONSTEIN


By: _____/s/_____
    Peter C. Bronstein, Attorney for Defendants Live
    Universe, Inc. and Brad Greenspan