1  Daniel L. Germain (CA Bar No. 143334)
   ROSMAN & GERMAIN LLP
2  16311 Ventura Blvd., Suite 1200
   Encino, CA  91436-2152
3  Telephone: (818) 788-0877
   Facsimile: (818) 788-0885
4  E-Mail: R&G@Lalawyer.com

5  Paul M. Fakler (NY Bar No. 2940435)
   Ross J. Charap (NY Bar No. 1117381)
6  MOSES & SINGER LLP
7  405 Lexington Avenue
   New York, New York 10174-1299
8  Telephone: (212) 554-7800
   Facsimile: (212) 554-7700
9  E-Mail: pfakler@mosessinger.com

10 *Attorneys for Plaintiffs*

11                       UNITED STATES DISTRICT COURT
12                      CENTRAL DISTRICT OF CALIFORNIA
13                              WESTERN DIVISION
14

| | |
|---|---|
| 15 Peermusic, III, Ltd., Songs of Peer, Ltd., Peer International Corp., Peermusic Ltd., PSO Ltd., Southern Music Publishing Co., Inc., WB Music Corp., Warner-Tamerlane Publishing Corp., Unichappell Music, Inc., Bug Music, Inc., Windswept Holdings LLC and Hitco Music Publishing, LLC,<br><br>*Plaintiffs*,<br>v.<br><br>LiveUniverse, Inc. and Brad Greenspan,<br><br>*Defendants*. | Case No.: CV-09-6160-GW (PLAx)<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION**<br><br>Date: May 20, 2010<br>Time: 8:30 a.m.<br>Courtroom: 10 (Hon. George H. Wu) |

This matter is before the Court upon the motion of Plaintiffs Peermusic, III, Ltd., Songs of Peer, Ltd., Peer International Corp., Peermusic Ltd., PSO Ltd., Southern Music Publishing Co., Inc., WB Music Corp., Warner-Tamerlane Publishing Corp., Unichappell Music, Inc., Bug Music, Inc., Windswept Holdings LLC and Hitco Music Publishing, LLC ("Plaintiffs") for entry of an order preliminarily restraining Defendants, LiveUniverse, Inc. and Brad Greenspan ("Defendants") and each of their officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them from reproducing, publicly displaying, publicly distributing or otherwise using the lyrics to Plaintiffs' songs in violation of the Copyright Act.

The Court, having weighed and considered the record consisting of the Complaint, the memoranda and the declarations and exhibits filed by counsel and the Court having heard the arguments of counsel, and for the reasons set forth in the Court's final ruling issued on May 13, 2010;

IT IS HEREBY ORDERED that Plaintiffs be granted a preliminary injunction as follows:

1. That Defendants, and each of their officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be preliminarily enjoined and restrained from reproducing, publicly displaying, publicly distributing or otherwise including the lyrics to any musical compositions they reasonably know are owned by Plaintiffs on, through or in connection with any website owned, operated, licensed, authorized or controlled by Defendants, including without limitation the websites located at www.lyricsdownload.com, www.completealbumlyrics.com and www.lyricsandsongs.com (collectively, "Defendants' Websites").

2. Defendants will be deemed to reasonably know that they are using a musical composition owned by Plaintiffs when Plaintiffs provide Defendants, in writing, with (1)

the title of the song; (2) the name of at least one songwriter of the song; (3) a URL address for at least one webpage on one of Defendants' Websites displaying the lyrics to the song; and (4) a certification by the relevant Plaintiff that it is a copyright owner of the song. When Defendants have reasonable knowledge that they are using a musical composition owned by Plaintiffs, Defendants, and each of their officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, must, within three (3) business days of such notice, cause all copies of the lyrics to such musical composition to be removed from all of Defendants' Websites and any databases related to such Websites. Defendants must also thereafter continually search and block any future uses of such musical composition on Defendants' Websites.

3. Defendants shall have fourteen (14) days from the date of this Order to implement any system necessary to facilitate compliance with this injunction. After such fourteen day period, if Defendants fail to fully comply with this injunction Plaintiffs may file an expedited motion for contempt sanctions, without the need to comply with the pre-motion conference requirements of Local Rule 7-3. If, upon such motion, the Court finds Defendants in contempt of this Order, it may impose sanctions including a broader preliminary injunction requiring Defendants to disable all access to Defendants' Websites and any other relief the Court deems appropriate at that time.

4. Defendants have not requested a bond pursuant to Fed. R. Civ. P. 65(c), nor have they met their burden of establishing (1) that a bond is necessary or (2) the appropriate amount of such a bond if it were necessary. Moreover, on the facts and evidence presented by the parties in connection with this motion, the Court does not deem such a bond necessary. Accordingly, Plaintiffs will not be required to post a bond. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003).

Dated:     May __, 2010
           Los Angeles, California

1
2                                    _____
3                                    GEORGE H. WU
4                                    UNITED STATES DISTRICT JUDGE
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28