Paul M. Fakler *(Admitted Pro Hac Vice)*
Ross L. Charap *(Admitted Pro Hac Vice)*
ARENT FOX LLP
1675 Broadway
New York, NY 10019
Telephone: 212.484-3900
Facsimile: 212.484.3990
E-mails: fakler.paul@arentfox.com;
charap.ross@arentfox.com

Michael L. Turrill (CA Bar No.: 185263)
Jeffrey R. Makin (CA Bar No.: 252426)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629-7400
Facsimile: 213.629-7401
E-mails: turrill.michael@arentfox.com;
makin.jeffrey@arentfox.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Peermusic, III, Ltd., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LiveUniverse, Inc., et al.,<br><br>Defendants. | Case No.: CV 09-6160-GW (PLA)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO COURT'S ORDER TO SHOW CAUSE**<br><br>[Declaration of Paul M. Fakler filed concurrently herewith] |

## **PRELIMINARY STATEMENT**

Defendants were ordered, but have utterly failed, to show cause as to why they should not have monetary sanctions imposed against them for failure to comply with the Court's June 11th discovery Order. In fact, the *only* "excuse" that they have proffered for their disobedience is that Defendant Greenspan is too busy with another unrelated litigation in Nevada state court to be bothered with responding to discovery requests that were served last year or obeying the Order issued by this Court. This is neither good cause for ignoring the Court's Order nor even a colorable excuse. This is simply another instance of Defendants' repeated pattern of disregard for the Court and Plaintiffs since the inception of this litigation.

The fact is that, to this day, Defendants have not made any sincere effort to comply with the Court's discovery Order. Even the purported discovery responses that Defendants attached as exhibits in their "Objection" to the Court's Order to Show Cause are, by the recent admission of Defendants' own counsel, inaccurate, incomplete and invalid. Defendants' counsel admitted today by telephone that (i) the "Objection" and attached so-called discovery responses were not drafted by counsel, but rather were drafted by his secretary; (ii) Defendants' counsel, Mr. Bronstein, did not even review the Objection or the responses prior to their filing, despite the fact that his electronic signature was affixed to each of the documents prior to filing and were filed using his ECF account; (iii) contrary to the repeated representations in the interrogatory responses, Defendants had *not* "already fully complied with this request in previous responses submitted to the opposing counsel" and that language was included in place of substantive responses to almost all of the interrogatories due to a clerical error by his secretary; (iv) the responses to the document requests improperly contain objections and state that various responsive documents will not be produced, in clear violation of the Court's Order; (v) various allegations that Defendants do not have certain requested documents are factually false; and (vi) contrary to Mr. Bronstein's and Defendants' multiple

- 1 -

representations in the Objection and responses, *none* of the documents have actually been produced or are "in transit" to Plaintiffs. Fakler Decl. ¶¶ 13-17. To the contrary, Mr. Bronstein's new version of the truth is that Defendants are still in the process of copying responsive documents, but have not even collected all of the responsive documents yet and he could not yet determine when Plaintiffs would receive the partial collection documents being copied, much less full production. *Id.* at ¶ 16.

Defendants' counsel claimed that Defendants would be withdrawing those defective written responses and serving Plaintiffs with new and – one can only hope – accurate ones. *Id.* at ¶ 17. Again, however, Mr. Bronstein could not provide a date certain by which Plaintiffs would receive the amended responses. *Id.*

Plaintiffs respectfully submit that the present circumstances demand the imposition of monetary sanctions against Defendants, and request that the Court impose them. Plaintiffs also respectfully renew their request that they be permitted to proceed with their contempt motion on an expedited schedule.

## FACTUAL BACKGROUND

On July 2, 2010, Plaintiffs filed an *ex parte* application with the Court asking for a shortened briefing and hearing schedule for a motion Plaintiffs planned to file requesting sanctions against Defendants for failure to comply with this Court's Order compelling discovery, dated June 11, 2010. Fakler Decl. ¶¶ 3 and 10. The June 11th Order (D.I. 66) required Defendants to respond, *without objection,* to Plaintiffs' discovery requests (originally served in December of last year) by June 25, 2010. Fakler Decl., ¶ 3.

On July 7, the Court denied Plaintiffs' *ex parte* application for a shortened schedule without prejudice. *See* J. Abrams' July 7th Order (D.I. 75). The Court, however, ordered the Defendants to, no later than July 8, 2010, show cause as to why monetary sanctions should not be imposed against them for failure to comply with the Court's discovery Order. *Id.*

- 2 -

On July 8, Defendants responded to the Order to Show Cause. *See* Defendants' Objection Re Order to Show Cause July 7, 2010 (D.I. 77) (the "Objection").

## ARGUMENT

### I. Defendants Have Not Shown Good Cause For Refusing To Timely Comply With The Court's Discovery Order

In their response to the Order to Show Cause, Defendants argued that monetary sanctions should not be imposed against them because there is purportedly only one person who could "answer questions and get documents," and that "person" is "unavailable" due to another Court proceeding in the Superior Court of Arizona, County of Maricopa. *See* Objection (D.I. 77), ¶ 2. Although Defendants did not specify who this unavailable "person" is, based on previous communications with both Defendants and their counsel, Plaintiffs understand that "person" to be Defendant Brad Greenspan. Fakler Decl. ¶ 8.

Defendants provide no other explanation in response to the Court's order to show cause for their complete failure to abide by the deadline mandated by the Discovery Order. They do not explain the nature of the proceedings in Arizona or clarify why Mr. Greenspan was rendered "unavailable." They do not explain how it could be that a court case in Arizona was preventing them from now responding to discovery requests that Plaintiffs served on them in December of *last year.*

Defendants' explanation is simply inadequate. Whether Defendant Greenspan is involved in one other unrelated litigation in Nevada, or ten other unrelated litigations, is no justification for deliberately ignoring an Order of this Court.

The June 11th discovery Order clearly and unequivocally required Defendants to produce all their interrogatory responses and all responsive documents by June 25, 2010. Defendants did not just fail to comply with the Order. They first promised to comply and then completely disregarded it. They did not let

- 3 -

either Plaintiffs or the Court know prior to June 25 that they would not be able to comply with the deadline. Fakler Decl. ¶¶ 3-5. Instead, after repeated attempts by Plaintiffs' counsel to coordinate the logistics of production with Defendants prior to the court-imposed deadline (to no avail), that deadline came and went with no production or interrogatory responses from Defendants whatsoever. *Id.*

In fact, Defendants' counsel waited until June 23 to tell Plaintiffs that he would be providing Defendants' interrogatory responses within a day. *Id.* at ¶ 5. This assurance that turned out to be false. *Id.* at ¶ 6. As for Defendant Greenspan, he waited until June 25 before announcing to Plaintiffs in a rambling, nonsensical email, that he would not be producing any discovery after all, and asked Plaintiffs for an additional thirty days to comply with an order of the *Court. Id.* at ¶ 8. Certainly Defendants' counsel is aware that the parties do not have the authority to, on their own, modify a Court order.

In short, Defendants' bald, unapologetic claim that he was simply "unavailable" to comply with the Court's discovery order does not, by any stretch of the imagination, establish good cause for avoiding monetary sanctions.

**II.    Defendants Have Still Not Responded To Plaintiffs' Discovery Requests and Thus Remain, Even Now, In Violation Of the Court's Discovery Order**

Along with their July 8th response to the Court's Order to Show Cause, Defendants included several exhibits that purport to be responses to Plaintiffs' interrogatories and document requests. Objection (D.I. 77), Exs. A to D. These so-called "discovery responses" are procedurally improper, substantively defective, woefully incomplete, and most importantly, have already been disavowed by Defendants' counsel.

Defendants' discovery responses are procedurally improper in that they were not duly served on Plaintiffs. They each include a certificate of service that shows that they were each mailed to Moses & Singer LLP and Roseman & Germain LLP.

- 4 -

Fakler Decl., ¶ 12. However, neither of those law firms is currently representing Plaintiffs in this case, which Defendants' counsel surely knows. *Id.*

Defendants' interrogatory "responses" are also, for the most part, riddled with untruths and misrepresentations. With the exception of interrogatories 9 and 11, Defendants' responded to each of Plaintiffs' interrogatories by alleging that they had "already fully complied with this request in previous responses submitted to the opposing counsel." Defendants' Objection Re Order to Show Cause (D.I. 77), Exs. A and B. Defendants, however, have never previously responded to any of Plaintiffs' interrogatories. Defendants' counsel himself now admits that this is the case, has agreed to withdraw the interrogatory "responses" contained in Exs. A and B, and has assured Plaintiffs' counsel that he would be serving a set of corrected interrogatory responses at some unspecified point in the future. Fakler Decl. ¶¶ 14 and 17.

Defendants' responses to Plaintiffs' requests for production of documents ("RFPs") are also incomplete. First, while Defendants claim in their response to the order to show cause that "discovery is now completed [through] cartons of boxes in transit," Defendants' attorney now informs us that this is statement is untrue. Fakler Decl. ¶ 15. There are no boxes of documents "in transit." According to Defendants' counsel, Defendants are still in the process of searching through their documents and making copies. *Id.* Defendants' counsel, however, cannot give us a date certain when that search process will be completed or whether Defendants are also searching for responsive electronic documents and emails as Plaintiffs' discovery requests require. *Id.* In short, to this date, Defendants have not produced a single document to Plaintiffs as required by the Court's discovery order, and have not even given a date by which they will complete full production.

Second, for most of Plaintiffs' RFPs (except for 2, 4, 5, 15, 12, 13, 14, 16, 20, and 34), Defendants have responded that they have "already fully complied with this request in previous responses submitted to the opposing counsel."

- 5 -

Objection (D.I. 77), Exs. C and D. Again, this statement is simply false. Defendants' counsel has himself acknowledged that it is false and has agreed to withdraw and rewrite those responses. Fakler Decl. at ¶¶ 14 and 16

Third, in response to Plaintiffs' RFPs 2, 4, 15, and 16, Defendants responded that "no such document exists." However, given what these RFPs are asking for on their face, it is certain that responsive documents must exist. For example, RFP 2 asks for documents (which is defined in Plaintiffs' RFPs, and consistent with the Federal Rules of Civil Procedure as including electronic documents and other electronically stored information), including electronic databases, that are sufficient to identify each song whose lyrics have been displayed by the Infringing Websites. It is simply not credible, and Defendants' counsel agrees as much, that no such electronic documents or databases exist on an active Website that displays lyrics. Fakler Decl. ¶ 14. Nor is it credible, and Defendants' counsel again agrees, that no responsive communications regarding the display, copying, distribution or transmission of song lyrics exist (RFP 4), that no electronic copy of each of the infringing Web sites exists (RFP 15), or that no responsive documents concerning the content on the Infringing Websites exist (RFP 16). *Id.*

Finally, despite the fact that the Court's discovery Order commands Defendants to produce responsive documents without objection (*see* June 11th Discovery Order (D.I. 66) at p. 2), Defendants interpose objections in their purported responses. For example, in response to RFPs 12 and 13, Defendants object that the RFPs are "too broad and impossible to answer." Additionally, Defendants include a "General Objections" section in their response, which objects to the RFPs to the extent they seek privileged materials or attorney work-product. To the extent that Defendants are withholding, or intend to withhold, any responsive documents based on these or any other objections, the Defendants are violating the express provisions of the Court's discovery order.

As noted above, Defendants' counsel, Mr. Bronstein, has now admitted to the various defects and misrepresentations in the Objection and responses. Fakler Decl. ¶¶ 13-17. His only excuse is almost as bad as the defects and misrepresentations themselves. According to Mr. Bronstein, because he was traveling he had his secretary draft the Objection and responses, and he did not review any of the documents (or even have them read to him over the phone) prior to having them filed, even though the documents contain his signature and were filed using his ECF account. *Id.* at ¶ 13. He also admits that he has had no involvement in the document production process, leaving Defendants to collect and produce (or not produce as it turns out) documents without any attorney supervision or direction. *Id.* at ¶ 16. Such conduct by an attorney is inexcusable and is as culpable as Defendants' conduct in connection with their violations of the Court's Order.

## CONCLUSION

For these reasons, the Court should impose monetary sanctions on Defendants as set forth in the Court's July 7, 2010 order to show cause. In light of the conduct of Defendants' counsel, Plaintiffs also request that the Court make Defendants and their counsel, Mr. Bronstein, jointly liable for those sanctions. Additionally, given the egregious nature of Defendants' and their counsel's conduct and the bad faith in which they have responded to both of the Court's Orders, Plaintiffs respectfully request that the Court reconsider Plaintiffs' request to bring its contempt motion on an expedited basis.

Dated: July 9, 2010                                  Arent Fox LLP

                                                     By:/s/ Jeffrey R. Makin
                                                       Paul M. Fakler
                                                       Ross J. Charap
                                                       Michael L. Turrill
                                                       Jeffrey R. Makin
                                                       *Attorneys for Plaintiffs*
                                                       *Peermusic, III, Ltd., et al.*