UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-6160-GW(PLAx) | Date | July 26, 2010 |
| Title | *Peermusic, III, Ltd., et al. v. LiveUniverse, Inc., et al.* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Jeffrey R. Makin
Paul M. Fakler

Attorneys Present for Defendants:

R. William Shpall

PROCEEDINGS:    **PLAINTIFFS' MOTION FOR CONTEMPT SANCTIONS AGAINST DEFENDANTS FOR FAILURE TO COMPLY WITH PRELIMINARY INJUNCTION (filed 07/08/10)**

The Court's tentative ruling is circulated and attached hereto. For reasons stated on the record, Plaintiffs' Motion for Contempt Sanctions Against Defendants for Failure to Comply with Preliminary Injunction is continued to **August 5, 2010 at 8:30 a.m.** The Court orders the defendants to remove all songs in dispute by August 5, 2010.

The Law Office of Peter C. Brownstein's Motion to Withdraw as Attorney of Record for Defendants, filed on July 23, 2010 is set for hearing on **August 5, 2010 at 8:30 a.m.**

:   13

Initials of Preparer   JG

*__Peermusic III, Ltd. V. LiveUniverse, Inc.__*, Case No. CV-09-6160
Tentative Ruling on Motion for Contempt Sanctions

      This is a motion brought by Plaintiffs Peermusic, III, Ltd., Songs of Peer, Ltd., Peer International Corp., Peermusic Ltd., PSO Ltd., Southern Music Publishing Co., Inc., WB Music Corp., Warner-Tamerlane Publishing Corp., Unichappell Music, Inc., Bug Music, Inc., Windswept Holdings LLC and Hitco Music Publishing, LLC ("Plaintiffs") for an order of contempt sanctions against Defendants LiveUniverse, Inc. and Brad Greenspan ("Defendants") for Defendants' failure to comply with the Order Granting Preliminary Injunction ("Preliminary Injunction") issued by this Court on May 24, 2010. As it appears that Defendants are in willful violation of the Preliminary Injunction, Plaintiffs' Motion for Contempt Sanctions will be GRANTED.

**Background**
      Plaintiffs filed this action on August 24, 2009, alleging that Defendants - by reproducing, displaying, and distributing the lyrics to Plaintiffs' songs without permission or license on various websites - have knowingly infringed their rights under Section 106 of the Copyright Act, 17 U.S.C. § 106. On April 16, 2010, Plaintiffs filed a motion for preliminary injunction. Hearing was held on May 13, 2010. Finding that Plaintiffs' request for injunctive relief was overly broad, the Court indicated that it would only consider Plaintiffs' request as to enjoin Defendants from knowingly reproducing, displaying, and distributing lyrics to musical compositions owned by Plaintiffs. The Court further indicated that an order completely shutting down Defendant's websites might be appropriate in the event that they did not comply with an injunction that was narrower in scope.
      On May 24, 2010, the Court entered its Preliminary Injunction Order. Pursuant to the Preliminary Injunction, Defendants were enjoined from "reproducing, publicly displaying, publicly distributing or otherwise including the lyrics to any musical compositions they reasonably know are owned by Plaintiffs on, through or in connection with any website owned, operated, licensed, authorized or controlled by Defendants, including without limitation the websites located at www.lyricsdownload.com, www.completealbumlyrics.com and www.lyricsandsongs.com." Preliminary Injunction (Doc. No. 60) ¶ 1. The Preliminary Injunction further provided:
> Defendants will be deemed to reasonably know that they are using a musical composition owned by Plaintiffs when Plaintiffs provide Defendants, in writing, with (1) the title of the song; (2) the name of at least one songwriter of the song; (3) a URL address for at least one webpage on one of Defendants' Websites displaying the lyrics to the song; and (4) a certification by the relevant Plaintiff that it is a copyright owner of the song. When Defendants have reasonable knowledge that they are using a musical composition owned by Plaintiffs, Defendants, and each of their officers, directors, agents, servants, employees and representatives, and

> those persons in active concert or participation with them or any of
> them, must, within three (3) business days of such notice, cause all
> copies of the lyrics to such musical composition to be removed
> from all of Defendants' Websites and any databases related to such
> Websites. Defendants must also thereafter continually search and
> block any future uses of such musical composition on Defendants'
> Websites.

Id. ¶ 2. Defendants were given fourteen days from the date of the order "to implement any system necessary to facilitate compliance with this injunction." Id. ¶ 3. The Preliminary Injunction specifically provided that if Defendants failed to comply after that period, Plaintiffs could seek an order for contempt sanctions "on an expedited basis" without having to satisfy the pre-motion conference requirements of Local Rule 7-3. See id.

Notices identifying the infringing lyrics were mailed on June 16 and June 21, 2010, after the expiration of the fourteen day grace period. See Declaration of Paul M. Fakler ("Fakler Decl.") ¶¶ 4, 5, Exhs. 2, 3. As of June 30, 2010, Defendants had completely removed the lyrics to only five of the hundreds of songs identified in the Notices of Infringement from all three of their websites. See id. ¶ 13, Exh. 9.

**Legal Standard**

A district court has the inherent authority to enforce compliance with its orders through a civil contempt proceeding. International Union, UMWA v. Bagwell, 512 U.S. 821, 827-28 (1994). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999) (citation omitted); accord Renwick v. Bennett (In re Bennett), 298 F.3d 1059, 1069 (9th Cir. 2002). "Ability to comply is the crucial inquiry, and 'a court should weigh all evidence properly before it determines whether or not there is actually a present ability to obey.'" United States v. Ayres, 166 F.3d 991, 994 (9th Cir. 1999) (quoting United States v. Drollinger, 80 F.3d 389 (9th Cir. 1996)).

**Analysis**

Plaintiffs have presented adequate evidence of Defendant's willful non-compliance with the Preliminary Injunction Order to justify a finding of contempt. The Preliminary Injunction was issued on May 24, 2010, under which Defendants were given 14 days to implement systems necessary to search their websites and remove any infringing lyrics identified by Defendants. Plaintiffs provided Defendants with the required notice of the infringing lyrics on June 16 and June 21, 2010. Defendants never heretofore informed Plaintiffs or the Court that they would be unable to timely comply with the Court's order.

Defendants have not met their shifted burden of demonstrating an inability to comply. Defendants have merely submitted the Declaration of Brad Greenspan stating that "staff and financial issues have prevented full compliance." By way of a purported explanation, Greenspan writes:

> Our music network staff currently has 1 employees [sic], and there are 4 different websites that were acquired from 4 webmasters that programmed them with 4 different languages/systems. Our staff member must do research and in some cases re-engineer consoles to log into these websites (which we did not create or program but acquired in 2007+2008), and then work to remove the lyrics in a way not to disrupt the rest of the website or user experience.

Greenspan Decl. ¶ 3. In light of Defendants' failure to mention any technical impediments to its ability to comply during the period when this Court allowed Defendants two weeks to implement any necessary changes in their websites to facilitate their compliance with the Preliminary Injunction and prior to Plaintiffs' seeking the present contempt sanctions, this cursory explanation is not sufficient or credible.

**Conclusion**

In order to protect Plaintiffs' intellectual property rights and enforce compliance with the Preliminary Injunction, the Court would issue an Order requiring Defendants immediately to disable public access to any of their websites that reproduce, display, or distribute lyrics to any musical compositions owned by Plaintiffs until such time as Defendants demonstrate to the Court that they have complied with the Preliminary Injunction. In the last line of their Reply, Plaintiffs ask the Court to include in such an order the name of a fourth website, www.allthelyrics.com, that Defendants identified for the first time in interrogatory responses dated July 9, 2010. Unless, the Defendants raise a basis to deny such relief, the Court would do so. As an additional sanction, Defendants would be ordered to pay Plaintiffs' reasonable attorneys' fees and costs in connection with this motion, to be set out in a separate application to the Court.