Paul M. Fakler (*Admitted Pro Hac Vice*)
Ross J. Charap (*Admitted Pro Hac Vice*)
ARENT FOX LLP
1675 Broadway
New York, NY 10019
Telephone: 212. 484.3900
Facsimile: 212.484.3990
E-mail: fakler.paul@arentfox.com
E-mail: charap.ross@arentfox.com

Michael L. Turrill (CA Bar No. 185263)
Jeffrey R. Makin (CA Bar No. 252426)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
E-mail: turrill.michael@arentfox.com
E-mail: makin.jeffrey@arentfox.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

Peermusic, III, Ltd., et al.,

Plaintiffs,

v.

LiveUniverse, Inc., et al.,

Defendants.

Case No. CV 09-6160-GW (PLAx)

**DECLARATION OF PAUL M. FAKLER IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO COURT'S ORDER TO SHOW CAUSE**

<u>Hearing</u>
Date: August 24, 2010
Time: 9:00 a.m.
Place: Courtroom G
The Hon. Paul L. Abrams

I, Paul M. Fakler, declare as follows:

1. I am a partner of the law firm Arent Fox LLP, attorneys for the Plaintiffs in this action.

2. I make this Declaration based upon my own personal knowledge, after review of the record, my firm's internal documents and discussions with colleagues, and as directed by the Court's Order of July 20, 2010 (the "July Order") in connection with its Order to Show Cause for Defendants' failure to comply with the Court's discovery Order issued on June 11, 2010.

3. As the Court may recall, this dispute relates to Defendants' failure to respond to Plaintiffs' first discovery requests, which were served in December of 2009. After issuing an Order to Show Cause based upon Defendants' failure to comply with the Court's earlier Order compelling full discovery, the Court held a hearing and issued the July Order, effectively giving Defendants another chance to comply.

4. Pursuant to the July Order, Plaintiff provided Defendants with a detailed letter on July 23, 2010, setting forth the many deficiencies in Defendants' responses to Plaintiffs' interrogatories and document requests. A true and correct copy of that letter is attached hereto as Exhibit 1.

5. The July Order required Defendants, by July 30, to provide complete supplemental responses, without any objections, remedying all of the deficiencies identified in Plaintiffs' letter. Defendants were also ordered, by July 30, to serve Plaintiffs with a sworn declaration, indicating that their production of documents and interrogatories were complete, and detailing all steps taken by Defendants to comply with the discovery requests. Defendants were further required to provide an index to their entire document production, identifying which documents respond to which document requests.

6. Defendants did not remedy by July 30, and still have not remedied, **any** of the deficiencies set forth in Plaintiffs' July 23 letter. Nor have Defendants

provided the required declaration or index for the few documents they had produced prior to the July Order. Although Defendants e-mailed one or two documents that could arguably be considered responsive to the document requests, such production falls far short of a full production. At the same time, Defendants' counsel has made a motion to withdraw from representing Defendants in this case, based upon his allegations that Greenspan will not communicate with him and will not follow his directions to obey various court orders, including a preliminary injunction and this Court's discovery orders.

7. Despite Defendants' continued refusal to comply with any of the Court's Orders (including the July Order), Plaintiffs' counsel flew out to Los Angeles for the in person meet and confer ordered by the Court. The conference was scheduled to begin at 11am at the request of Defendants' counsel. Although Defendants' counsel and I were both present at the appointed time, Defendant Greenspan was not. Defendants' counsel called Greenspan on the phone and after first asking to reschedule the entire conference, claimed he thought the conference was supposed to be at noon. I agreed to adjourn the conference until noon. I returned to the conference room at noon, but Greenspan had still not appeared. At this time, Defendants' counsel and I proceeded to meet and confer (the best we could without Greenspan's involvement) on the discovery issues. We noted that Defendants' counsel had sent me unsigned revised written discovery responses that removed most (but not all) of the objections previously lodged by Defendants, but counsel acknowledged that Defendants had not authorized him to make those changes and had not signed any verifications for the interrogatory responses. This morning, Defendants' counsel assured me that he would be sending me signatures for these amendments withdrawing some of the objections, but of course this does not change the fact that the amendments are not authorized by Defendants.

8. After counsel were done with the conference, I walked through my firm's reception area and was informed that Greenspan had just arrived. Although

he had missed the meeting, I brought him back to the conference room and we went back on the record. Although Defendants had not in any substantive way addressed or remedied any of the deficiencies outlined in Plaintiffs' July 23 letter, I nonetheless attempted to get Greenspan to explain what he had done, why he had not complied with the July Order and whether he was ever actually going to apply. The conversation was an exercise in futility, as Greenspan generally refused to answer questions directly, bickered with his own lawyer, and refused to commit to any particular production of discovery by any particular date. A true and correct copy of the transcript of the parties' conference is attached hereto as Exhibit 2.

9. Among the few relevant facts to which Greenspan was willing to admit are his admissions that large volumes of responsive documents are located at the offices of Defendants' accountants, and that although Defendants have the right an ability to retrieve those documents they have chosen not to even ask for the return of their documents and then used their own inaction as an excuse for not producing the documents. (Ex. 2, Tr. 43:2-44:1; 46:3-5).

10. When Defendants' own counsel tried to get Greenspan to commit to meet with him the next day for a few hours to get the interrogatory responses done and verified, Greenspan began fighting with his own lawyer and refused to agree even to that modest request. (Ex. 2, Tr. 58:25-61:1; 62:4-63:22).

11. As of this date, not a single deficiency identified in Plaintiffs' July 23 letter has been remedied, and Defendants have still not provided the sworn declaration or index required by the July Order. Consequently, all issues raised in Plaintiffs' motion for contempt sanction remain open.

I declare under penalty of perjury that the foregoing is true and correct. Executed this thirteenth day of August, 2010 at New York, New York.

Paul M. Fakler