# EXHIBIT 1

Arent Fox LLP / **New York, NY** / Washington, DC / Los Angeles, CA

# Arent Fox

July 23, 2010

BY EMAIL

Peter C. Bronstein, Esq.
1925 Century Park East
Suite 350
Los Angeles, CA 90067

**Paul M. Fakler**
Attorney
212.457.5445 DIRECT
212.484.3990 FAX
fakler.paul@arentfox.com

Re:   Peermusic, et al. v. LiveUniverse, Inc., et al (CD Cal. 09-cv-6160 (PLAx))

Dear Peter:

Pursuant to Judge Abrams' Order dated July 20, 2010, we write to inform you of the numerous deficiencies in Defendants' Responses to Plaintiffs' Interrogatories and Requests for Production ("RFPs"), which were duly served on you on December 31, 2009. As per the July 20th order, Defendants must provide Plaintiffs with complete supplemental Responses and full production of documents, correcting the deficiencies set forth in this letter by close of business on Friday, July 30, 2010. We suggest that you contact us by no later than Wednesday, July 28, to inform us of the status of Defendants' efforts, and so that the parties may coordinate receipt of Defendants' supplemental production.

## I. Deficiencies in Defendants' RFP Responses

On July 8, you filed with the Court two sets of written Responses to Plaintiffs' RFPs. These Responses contain numerous deficiencies, including: (1) a purported reservation of rights to supplement the production, even though the Court's Order clearly states that full production was required; (2) numerous false claims that that Defendants had "already fully complied with" the Requests; (3) numerous false claims that certain responsive documents did not exist (see Responses Nos. 2, 4, 15 and 16) where by the very nature of the requested documents such documents must in fact exist; and (4) numerous objections and refusals to produce documents (see Responses Nos. 13 and 14, , even though the Court's Order clearly states that no objections

NYC/496988.2

SMART IN YOUR WORLD

1675 Broadway
New York, NY 10019-5820
T 212.484.3900   F 212.484.3990

1050 Connecticut Avenue, NW
Washington, DC 20036-5339
T 202.857.6000   F 202.857.6395

555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
T 213.629.7400   F 213.629.7401

Exhibit 1   Page 4

# Arent Fox

Peter C. Bronstein, Esq.
July 23, 2010
Page 2

may be made. Although you have repeatedly acknowledged these deficiencies and claimed you would serve amended Responses curing these deficiencies, Defendants still have not amended these defective Responses.

**II.   Deficiencies In Defendants' RFP Production**

   **A.   General Deficiencies In Defendants' Production**

On Tuesday July 13, we received three Federal Express boxes (size "medium") that were sent to us directly by Defendant Brad Greenspan. These boxes contained roughly 180 documents. The documents were sent to us without Bates numbers or any indication of which Requests the documents are responsive to. They all appear to be copies of hard paper documents that were kept in a small subset of Defendants' physical files. There is no indication whatsoever that any of these documents were obtained from Defendants' electronic document or email repositories, or that an appropriate, company-wide search for responsive documents was conducted. Moreover, not a single electronic document was produced in native format, as requested by the RFPs and required by the Federal Rules. Those documents that include any relevant financial information at all are dated before 2008, and much of the financial information that was produced is irrelevant or incomplete. Moreover, a good portion of the documents produced are wholly nonresponsive, consisting of insurance policies, blank forms, and pleadings from unrelated litigation, none of which bear any discernable relevance to the issues in this case.

   **B.   Deficiencies With Respect To Particular RFPs**

Plaintiffs have received no documents whatsoever that are responsive to RFPs 2, 3, 10, 11, 12, 13, 15, 16, 17, 18, 21-26, 28, 29-32, 34-36 and 40-51. Plaintiffs request that Defendants produce all paper and electronic documents and files (including without limitation all email, spreadsheets and word processing documents, all in native format) in their possession, custody or control that are responsive to these (and all of the other) RFPs. In addition, as the Court has ordered, (i) certify that all such responsive documents have been produced, (ii) identify which RFP(s) each documents is responsive to; and (iii) detail all steps that were taken and what sources were searched to respond to these RFPs.

NYC/496988.2

Exhibit 1   Page 5

**Arent Fox**

As for the remaining RFPs, there are a few documents in Defendants' production that are arguably responsive to one or more of Plaintiffs' RFPs. Nevertheless, Defendants' production with respect to these RFPs has been scarce at best, and are obviously incomplete. We describe these deficiencies in greater detail below.

**RFPs 1, 4 and 9:** The only documents that Defendants have produced thus far that even arguably relate to song lyrics on the Infringing Websites are several documents relating to the potential purchase of certain lyrics web sites. Moreover, the few responsive emails within these documents were clearly copied from paper copies stored in Defendants' physical files, as indicated by the printing dates at the bottom of the emails and the fact that many of them have handwritten notes on their faces. There is no indication that any electronic documents were searched for responsive materials. Plaintiffs request that Defendants supplement their production with all additional responsive paper and electronic files and email in their possession or control and, as the Court has ordered, (i) certify that all such responsive documents have been produced, (ii) identify which RFP(s) each documents is responsive to; and (iii) detail all steps that were taken and what sources were searched to respond to these RFPs.

**RFPs 5, 6 and 27:** While Defendants have produced some documents containing financial information that may be characterized as responsive to these Requests, they have produced no responsive information for the years 2008 to the present, and the information that was produced with respect to earlier years is incomplete. For example, Defendants have produced a spreadsheet showing revenues for one lyrics website for part of 2007, but have not produced documents for all the Infringing Websites at issue, and have not provide information that covers the entire period of time that Defendants were operating those web sites. Moreover, what responsive documents Defendants produced were clearly copied from paper copies stored in Defendants' physical files. There is no indication that any electronic documents were searched for responsive materials. Plaintiffs request that Defendants supplement their production with all additional responsive paper and electronic files and email in their possession or control and, as the Court has ordered, (i) certify that all such responsive documents have been produced, (ii)

NYC/496988.2

Exhibit 1   Page 6

Arent Fox

Peter C. Bronstein, Esq.
July 23, 2010
Page 4

identify which RFP(s) each documents is responsive to; and (iii) detail all steps that were taken and what sources were searched to respond to these RFPs.

**RFPs 7, 8, 30, 37, 38 and 39:** Defendants have produced a small number of responsive agreements and a copy of a business plan that are arguably responsive to these Requests. None of these documents, however, are dated later than 2007 and not all the Infringing Websites are reflected in them. Nor have Defendants produced any documents concerning "Walker." Moreover, what responsive documents Defendants produced were clearly copied from paper copies stored in Defendants' physical files. There is no indication that any electronic documents were searched for responsive materials. Plaintiffs request that Defendants supplement their production with all additional responsive paper and electronic files and email in their possession or control and, as the Court has ordered, (i) certify that all such responsive documents have been produced, (ii) identify which RFP(s) each documents is responsive to; and (iii) detail all steps that were taken and what sources were searched to respond to this RFP.

**RFPs 14 and 19:** Defendants have produced only a few documents concerning advertising and traffic on various web sites owned by LiveUniverse. Defendants' production, however, includes no responsive documents for the years 2008 to the present. In addition the documents that were produced with respect to earlier years is so small that set of responsive documents produced is very likely incomplete. Moreover, what responsive documents Defendants produced were clearly copied from paper copies stored in Defendants' physical files. There is no indication that any electronic documents were searched for responsive materials. Plaintiffs request that Defendants supplement their production with all additional responsive paper and electronic files and email in their possession or control and, as the Court has ordered, (i) certify that all such responsive documents have been produced, (ii) identify which RFP(s) each documents is responsive to; and (iii) detail all steps that were taken and what sources were searched to respond to these RFPs.

**RFPs 20 and 27:** Defendants have produced very few documents responsive to these Requests, for which there should be a large volume of responsive documents. In particular, there

NYC/496988.2

Exhibit 1   Page 7

Peter C. Bronstein, Esq.
July 23, 2010
Page 5

# Arent Fox

is little to no financial information in Defendants' production for the years 2008 to the present. Nor have Defendants produced a complete set of responsive pre-2008 documents. Moreover, there is no indication that Defendants searched their electronic documents for responsive materials. Plaintiffs request that Defendants supplement their production with all additional responsive paper and electronic files and email in their possession or control and, as the Court has ordered, (i) certify that all such responsive documents have been produced, (ii) identify which RFP(s) each documents is responsive to; and (iii) detail all steps that were taken and what sources were searched to respond to these RFPs.

  **RFP 33:** With the exception of some documents relating to a promissory note, some pre-2008 tax filings, and copies of general ledger and check register entries relating generally to disbursements paid by LiveUniverse solely in 2007, Defendants have not produced any documents responsive to this RFP. Moreover, what responsive documents Defendants produced were clearly copied from paper copies stored in Defendants' physical files. There is no indication that any electronic documents were searched for responsive materials. Plaintiffs request that Defendants produce all additional responsive paper and electronic files and email in their possession or control and, as the Court has ordered, (i) certify that all such responsive documents have been produced, (ii) identify which RFP(s) each documents is responsive to; and (iii) detail all steps that were taken and what sources were searched to respond to this RFPs.

  **RFPs 52 and 53:** Plaintiffs request that Defendants supplement their production with all additional responsive paper and electronic files and email in their possession or control and, as the Court has ordered, (i) certify that all such responsive documents have been produced, (ii) identify which RFP(s) each documents is responsive to; and (iii) detail all steps that were taken and what sources were searched to respond to these RFPs.

### III. Deficiencies In Brad Greenspan's Interrogatory Responses

  On July 8, you filed Brad Greenspan's Interrogatory Responses with the Court. Those Responses contain numerous deficiencies, including: (1) a purported reservation of rights to supplement the production, even though the Court's Order clearly states that full production was

NYC/496988.2

Exhibit 1 Page 8

Peter C. Bronstein, Esq.
July 23, 2010
Page 6

# Arent Fox

required; and (2) numerous false claims that that Defendants had "already fully complied with" the Interrogatories. Indeed, only two of the Responses contain any form of substantive answer. Although you have repeatedly acknowledged these deficiencies and claimed you would serve amended Responses curing these deficiencies, Mr. Greenspan still has not amended these defective Responses.

## IV. Deficiencies in LiveUniverse's Interrogatory Responses

### A. General Deficiencies In LiveUniverse's Responses

Unlike Mr. Greenspan, LiveUniverse did serve amended Responses to the Interrogatories, but even these supplemental Responses contain numerous deficiencies, including a purported reservation of rights to supplement the production, even though the Court's Order clearly states that full production was required. For the most part, however, Plaintiffs' Interrogatories are directed to information that is (or should be) currently in LiveUniverse's possession or control — not information that Live Universe will need to obtain through discovery. As such, LiveUniverse must provide Plaintiffs with full and complete Responses to the Interrogatories based on an immediate, good faith investigation of its company-wide records, files, institutional knowledge, and all other sources of information that are currently in LiveUniverse's possession, custody or control. It is improper for LiveUniverse to rely on a general "right to supplement" as a substitute for immediately providing full and complete Responses to Plaintiffs' Interrogatories. Judge Abrams' July 20 Order also makes it explicitly clear that Defendants are to supplement their Interrogatory Responses *without* objection. Nonetheless, LiveUniverse lodges various objections, including many of dubious status (such as privacy and "associational rights" objections). LiveUniverse must supplement their Responses to disclose, among other things, any information that they have withheld based upon any objection.

### B. Deficiencies In Particular Responses

**Interrogatories 1, 2, 5, 7, 8, 10, and 19:** Each of Interrogatories 1, 2, 5, 7, 8, and 10 ask LiveUniverse to identify persons that are knowledgeable about various subjects and issues related to the case, or companies or persons that advertise or that have participated in the

NYC/496988.2

Exhibit 1   Page 9

**Arent Fox**

Peter C. Bronstein, Esq.
July 23, 2010
Page 7

incorporation, display, or use of Plaintiffs' lyrics on the Infringing Websites. Interrogatory 19 asks for an identification of all fact witnesses. Missing from LiveUniverse's Responses to these Interrogatories, however, are the names of a number of individuals that documents from Defendants' recent production suggest should be included. Indeed, most of the Responses do not identify a single LiveUniverse employee when asked for persons most knowledgeable about various conduct of LiveUniverse. Moreover, since the documents Defendants produced were clearly copied from paper copies stored in a small subset of Defendants' physical files, and there is no indication that any electronic documents were searched for responsive materials, it is likely that LiveUniverse's Responses to these Interrogatories are even more incomplete.

Even with respect to the few individuals and companies actually named in these Responses, LiveUniverse has failed to include any contact information whatsoever for these witnesses. Plaintiffs request that LiveUniverse supplement its Responses after a full review of all information, both paper and electronic, in its possession, custody or control, and, that it also, as the Court has ordered, (i) certify that its Responses are now full and complete, and (ii) detail all steps that were taken and what sources were searched to respond to these Interrogatories.

**Interrogatory 6:** LiveUniverse has still not responded to Interrogatory 6 at all. Plaintiffs request that LiveUniverse identify all songs responsive to this Interrogatory, that that it also, as the Court has ordered, (i) certify that their Responses are now full and complete, and (ii) detail all steps that were taken and what sources were searched to respond to these Interrogatories.

**Interrogatories 4 and 11:** Interrogatory 4 asks LiveUniverse for identification of potentially infringing websites, and Interrogatory 11 asks for a table and computation of specified financial information. Missing from LiveUniverse's Responses to these Interrogatories, however, are the names of a number of additional websites, which documents from Defendants' recent production suggest should have been included. Moreover, since the documents Defendants produced were clearly copied from paper copies stored in a small subset of Defendants' physical files, and there is no indication that any electronic documents were searched for responsive materials, it is likely that LiveUniverse's Responses to these

NYC/496988.2

Exhibit 1   Page 10

**Arent Fox**

Peter C. Bronstein, Esq.
July 23, 2010
Page 8

Interrogatories are even more incomplete. Plaintiffs request that LiveUniverse supplement its Responses after a full review of all information, both paper and electronic, in its possession, custody or control, and, that they also, as the Court has ordered, (i) certify that their Responses are now full and complete, and (ii) detail all steps that were taken and what sources were searched to respond to these Interrogatories.

**Interrogatories 15 through 17:** LiveUniverse's Responses to these contention Interrogatories suggest that LiveUniverse cannot, or will not, provide a full and complete Response without additional documentation from Plaintiffs. This is unacceptable. Under Rule 11, Defendants must have had a factual basis for interposing (i) their contention that Plaintiffs' copyrights are invalid; (ii) their contention that each of Plaintiffs' songs are in the public domain; and (iii) their sixth affirmative defense that Plaintiffs improperly exploited their copyrights. LiveUniverse is therefore required to respond to these Interrogatories by setting forth their basis, or should withdraw these allegations and defenses pursuant to Rule 11.

Very truly yours,

Paul M. Fakler

NYC/496988.2

Exhibit 1   Page 11