# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PEERMUSIC, III, Ltd., et al., | No. CV 09-6160-GW (PLAx) |
| Plaintiffs, | **ORDER RE: PAYMENT OF ATTORNEYS' FEES AND COSTS** |
| v. | |
| LIVEUNIVERSE, Inc., et al., | |
| Defendants. | |

On August 24, 2010, based on defendants' repeated failures to complete their discovery obligations, the Court ordered that plaintiffs' counsel submit a declaration setting forth the reasonable fees and costs associated with compelling discovery from defendants from the time of the preparation of plaintiffs' letter concerning all deficiencies in defendants' discovery responses (i.e., from July 23, 2010)[1] up to and including the August 24, 2010, hearing. On September 9, 2010, plaintiffs filed the Declaration of Paul M. Fakler Re Reasonable Costs and Attorneys' Fees ("Fakler declaration"). On September 13, 2010, defendants filed the Declaration of Joe Utzurrum in Opposition to the Fakler declaration ("Utzurrum declaration").

---

[1] On July 20, 2010, the Court ordered that plaintiffs, by July 23, 2010, provide defendants with a detailed letter setting forth all deficiencies in the discovery responses that had been received as of that date so that discovery compliance could be evaluated.

Plaintiffs' counsel represents that during the one month period covered by the Order, plaintiffs have incurred $25,671.50 in legal fees and $5,984.76 in costs, for a total of $31,656.26. The fees were incurred from counsels' review of defendants' discovery, identification of deficiencies in the discovery responses, preparation of the July 23, 2010, letter, attendance at the in-person conference, review of amended discovery responses, preparation of a declaration, and attendance at the August 24, 2010, hearing (a total of 51.4 hours at rates of $525, $500, $410, and $320 per hour). The costs were incurred in connection with business class airfare between New York and Los Angeles on two occasions ($2,499.40 and $2,189.40), and two nights lodging each trip ($682.20 and $613.76). See Fakler declaration, ¶¶ 4-11.

Defense counsel counters that the costs for flights and hotels are unreasonable, as "[b]usiness class rates are unreasonable in relation to the available fares at the time of [counsel's] travels," and the attorney fees are unreasonable "especially when plaintiffs' ongoing argument throughout discovery has been that defendants failed to respond to discovery." See Utzurrum declaration, ¶¶ 2-3.

Fed.R.Civ.P. 37(a)(5)(A) authorizes the Court to order that the party whose conduct necessitate a discovery motion pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. The Court has independently and carefully reviewed the discovery record in this action, including plaintiffs' counsel's July 23, 2010, letter, plaintiffs' counsel's August 13, 2010, declaration (and exhibits attached thereto, including a transcript of the August 5, 2010, meet and confer), the Fakler declaration, and the Utzurrum declaration, and concludes that the reasonable number of hours necessary to attempt to compel discovery compliance during the relevant time frame is 20 hours, and that the hourly rate to be applied is $320, the rate of local counsel. Thus, the reasonable attorneys' fees appropriately awarded here amount to $6,400. The Court notes that plaintiffs largely complain that defendants have provided only limited documents, "a good portion" of which were blank forms, insurance policies and unrelated pleadings. See July 23, 2010, letter, at p. 2. Defendants then e-mailed "one or two documents that could arguably be considered responsive..." See August 13, 2010, declaration of Paul M. Fakler, at ¶ 6. As such, the Court-ordered review of documents to determine

1  compliance was not so complex or extensive as to require a large number of attorney hours.
2  Plaintiffs further complain that defendants' interrogatory responses were wholly inadequate and
3  lacking in any detail; consequently, review and evaluation thereof was less involved than if large
4  amounts of information needed to be reviewed.[2]  The Court also notes that defendants' objections
5  appear to challenge the amount of time being sought by plaintiffs, not the hourly rates assigned
6  to those hours.

   The Court will also award airfare for two round trips from New York to Los Angeles, not at
the business rate, but at the economy rate, nonstop, of $440 per trip.  Costs for two hotel stays
at a total of $1,295.96 (as to which defendants do not assert any specific challenge) will also be
ordered, for total costs of $2,175.96.

   Accordingly, **no later than October 1, 2010**, defendants, jointly and severally, shall pay
plaintiffs the sum of $8,575.96, which the Court finds to be the reasonable fees and costs in
connection with the relevant discovery proceedings in this action.

   **IT IS SO ORDERED**.

DATED: September 15, 2010

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[2]   The Fakler declaration contains only broad generalities as to how the 51.4 hours of attorney time were spent.  While Mr. Fakler offers to make detailed time records available to the Court if requested, counsel elected not to include such details in his declaration.  The Court will not engage in piecemeal litigation on the issue of attorney fees, and thus is left to speculate as to how counsels' hours were assessed.