LAW OFFICES OF JOEL R. BENNETT
JOEL R. BENNETT (SBN 42162)
239 South Mansfield Avenue
Los Angeles, CA 90036
Telephone: (323) 938-6053
Facsimile: (323) 967-5679
joelrbennett@yahoo.com

Attorneys for Defendants
LIVEUNIVERSE, INC. AND
BRAD GREENSPAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| Peermusic, III, Ltd., WB Music Corp, Bug Music Corp., | Case No. CV 09-6160-GW (PLA) |
|---|---|
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO BE GRANTED LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS LIVEUNIVERSE, INC. AND BRAD GREENSPAN; DECLARATION OF JOEL R. BENNETT** |
| v. | |
| LiveUniverse, Inc. and Brad Greenspan, | |
| Defendants. | |
| | *[Proposed Order separately and concurrently filed herewith]* |
| | Date: August 22, 2011
Time: 8:30 a.m.
Courtroom: 10 |
| | HONORABLE GEORGE H. WU |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD, AND TO LIVEUNIVERSE, INC. AND BRAD GREENSPAN:**

NOTICE IS HEREBY GIVEN that the undersigned counsel, Joel R. Bennett, will move the Court to be relieved as counsel of record for Defendants Liveuniverse, Inc. and Brad Greenspan (hereinafter "Defendants"). This instant motion will be heard on Monday, August 22, 2011 at 8:30 a.m. or as soon thereafter as counsel may be heard by the above-entitled Court, located at 312 N.

Spring Street, Los Angeles, California 90012-4793, in Courtroom 10, Spring Street level, before the Honorable George H. Wu.

This motion will be made on the following grounds:

1. Circumstances have developed in the course of the undersigned counsel's representation of Defendants that resulted in a breakdown in the attorney-client relationship, none of which have been rectified;

2. The undersigned informed Defendants that Mr. Greenspan owes my law firm in excess of $84,737.25 with respect to all matters in which I am counsel of record, including this one;

3. The undersigned counsel would suffer added harm if having to remain as Defendants counsel given every indication that Defendants never intended to honor his fee agreement with the undersigned counsel. This failure and refusal to pay my law firm's legal fees has caused my family and me enormous economic hardship and stress. I am a sole practitioner. I cannot represent him for his cases as I do not have enough cash flow to cover the cost of representing Defendants in their cases, including the costs of depositions that are required, and the enormous cost of preparing for and attending trial in his cases, including this one. This outstanding balance (in excess of $84,737.25 for all matters) is an additional reason why I cannot continue to represent Defendants in this and other legal matters. I will be moving to withdraw in all of the matters in which I am counsel of record for Defendants in the near future.

4. Defendants would suffer no prejudice insofar as Defendants have refused to follow the advice of the undersigned counsel and has no legitimate reason to expect that counsel would continue to provide additional legal services under the circumstances; and

5. This motion is made in good faith and not intended to prejudice the rights to parties to the action.

1  This instant motion is made following communications initiated by the undersigned counsel with Plaintiff's attorney, Paul Fakler, in which counsel met and conferred with respect to the relief requested by the instant motion. Counsel for Plaintiff indicated that Plaintiff would not oppose the instant motion. The undersigned counsel has notified Defendants he would be filing a motion to withdraw as counsel of record for Defendants via email on June 10, 2011. (Bennett Decl. ¶13).

The instant motion is made pursuant to this notice of motion and motion, the accompanying Memorandum of Points and Authorities and supporting Declaration of Joel R. Bennett, the pleadings on file, and on such other evidence and argument as the Court will receive at the hearing of this motion.

DATED: July 18, 2011

**LAW OFFICES OF JOEL R. BENNETT**

By: /s/ Joel R. Bennett
Joel R. Bennett
Attorneys for Defendants
LIVEUNIVERSE, INC. AND BRAD GREENSPAN

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTROCUTION

By the instant motion to be relieved as counsel, counsel seeks to separate himself finally and completed from an individual who continues to contradict and ignore my legal advice and has managed to obtain legal services essentially free.

If an attorney cannot carry out his or her employment effectively, such is reasonable grounds for withdrawal.

### II. ARGUMENT

#### A. THERE EXISTS A BREAKDOWN OF COMMUNICATIONS WITH DEFENDANTS

As is more fully set forth in the Declaration of Joel R. Bennett attached hereto and incorporated herein by this reference, there exists a conflict between attorney and client and seriously disrupted relations exist between them. The breakdown of this relationship is based upon lack of cooperation and conduct that renders it unreasonably difficult for the undersigned to continue to carry out his employment effectively. Irreparable harm will result to all concerned if movant is not relieved of his responsibilities and representation of Defendants.

In cases that the undersigned represents Defendants, Defendant Brad Greenspan continuously communicates directly with opposing counsel through emails. He has done this repeatedly in separate actions, directly contrary to my legal advice not to do so, thus waiving the attorney client privilege (Bennett Decl. ¶8 ). Generally, they explain why other legal matters pending in Federal Court take precedence and are more important to him than other actions. Irreconcilable differences have arisen between Mr. Greenspan and myself with respect to these matters including his obligations as a party to attend his depositions, other differences with respect to the legal theory and strategy to pursue at trial, and tactics, have also arisen recently between us, but those conflicts are protected by the attorney client privilege and cannot be disclosed without breaching such

privilege. Suffice it to say that there presently exist substantial irreconcilable conflicts between us with respect to the manner and the way the Complaint should be defended at trial. The undersigned cannot proceed to continue to represent Defendants in the future and ethically defend this action.

Whatever justification or excuse Defendants may have for failing to pay his legal bills, now in excess of $84,737.25 for all matters, Defendants should not expect nor be permitted to receive free legal representation for pre-trial and post judgment legal services. Defendants have failed and refuse to pay both my legal fees and costs of suit in this and other legal matters despite having sufficient economic resources to do so fully. At the present time, not including my efforts on his behalf this past month of June and July which I have yet to bill him, Defendant Brad Greenspan owes my law firm in excess of $84,737.25 with respect to all matters in which I am counsel of record, including this one (Bennett Decl. ¶13). I am a sole practitioner. This failure and refusal to pay my law firm's legal fees has caused my family and me enormous economic hardship and stress. This outstanding balance (in excess of $84,737.25 for all matters) is an additional reason why I cannot continue to represent LiveUniverse and Mr. Greenspan in this and other legal matters.

### B. CONDUCT OF THE CLIENT THAT RENDERS IT UNREASONABLY DIFFICULT TO CARRY OUT EMPLOYMENT EFFECTIVELY IS GOOD GROUND FOR PERMISSIVE WITHDRAWAL OF LEGAL REPRESENTATION

Under California Rules of Professional Conduct 3-700(C)(1)(d) an attorney may request to withdraw as attorney of record where the client by conduct renders it unreasonably difficult to carry out counsel's employment obligations effectively, or breaches an obligation to the member as to expenses or fees, providing adequate ground for granting this motion to withdraw as their counsel.

In this case, circumstances have developed in the course of counsel's representation of Defendants that have caused an irremediable breakdown in the attorney-client relationship which prevent the undersigned counsel from providing effective assistance of counsel. I cannot ethically or with continued ardor and zeal continue to represent Defendants any further in this matter. Foremost, Defendants have ignored counsel's continued efforts to communicate with him and given every indication that Defendants do not intend to honor the fee agreement securing counsel's services.

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the court." Civ. L.R. 83.3(g)(3). In ruling on a motion to withdraw as counsel, courts consider (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to all litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

Second, Rule 3-700(c)(1)(d) of the California Rules of Professional Conduct allow withdrawal where the client "renders it unreasonably difficult [attorney] to carry out the employment effectively." Refusal to participate in the litigations is undoubtedly one such example.

Failure to pay attorney's fees can be valid grounds for withdrawal. Cal. Rules of Professional Conduct Rule 3-700(c)(1)(f); Liberty-Ellis Island Foundation, Inc. v. International United Industries, Inc. 110 F.R.D. 395, 397 (S.D.N.Y. 1986).

### III. CONCLUSION

Based upon the foregoing, counsel for Defendants respectfully requests that the instant motion be granted and that Joel R. Bennett be relieved of its responsibilities for further legal representation of Defendants Liveuniverse, Inc. and Brad Greenspan.

1
2   DATED: July 18, 2011                    **LAW OFFICES OF JOEL R. BENNETT**
3
4
                                            By:  /s/ Joel R. Bennett
5                                                Joel R. Bennett
                                                 Attorneys for Defendants
6                                                LIVEUNIVERSE, INC. AND BRAD
                                                 GREENSPAN
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF JOEL R. BENNETT

I, Joel R. Bennett, declare and state the following,

1. I am an attorney duly admitted and licensed to practice law in the State of California since 1968. I have practiced law since 1964 in both Federal and State Courts. I have been a law clerk to a United States District Judge in Phoenix following my graduation from Law School where I graduated seventh in my class and was Case Note Editor of the Arizona Law Review. I have also been trial counsel for the United States Department of Justice and numerous Fortune 500 Companies. I have represented LiveUniverse and Mr. Greenspan, for over a year in this and other complex business litigation.

2. A motion to be relieved as counsel under California Rules of Professional Conduct 3-700(C)(1)(d) is brought because my clients Brad Greenspan and Liveuniverse, Inc. have declined to accept this motion to be relived as their counsel, thus necessitating this motion.

3. I am presently a sole practitioner, although recently I have become "of counsel" to a San Diego law firm, Gaston & Gaston, and operate the Los Angeles Branch of this law firm.

4. I am presently counsel in this action for Liveuniverse, Inc. and Brad Greenspan (hereinafter "Defendants"). Mr. Greenspan is a sophisticated business man and is one of the co-founders of My Space which is presently embroiled in a complex class action presently pending in this Court.

5. The following facts are true and correct and I have personal knowledge of each of them.

6. Unfortunately, irreconcilable differences have recently occurred between Mr. Greenspan and myself and my law firm in the strategy, defense and prosecution of this action, and other matters, necessitating my withdrawing from this action and ceasing to represent Defendants.

7. Peermusic's trial Counsel, Mr. Paul Fakler, has repeatedly noticed Mr. Greenspan's deposition in this action, on separate occasions. He was ordered by the court to appear for his deposition in New York but he failed to show up for his deposition. I have repeatedly informed Mr. Greenspan of the dates of his deposition, in writing, but on each of these occasions Mr. Greenspan has refused to appear for his deposition, contrary to my legal advice.

8. The most recent occasion when Mr. Greenspan failed to appear for his deposition was pursuant to the Court's Order for him to so appear. I personally informed Mr. Greenspan of the Court's Order in this regard, and advised him he must comply with the Court's Order and appear for his deposition. I also informed him what the potential consequences would in all likelihood be if he failed to appear for his deposition for a fourth time. He ignored my legal advice, and failed to appear at his deposition. Consequently, irreconcilable differences in the way this matter should be handled legally have recently arisen and I am unable to continue to represent either LiveUniverse or Mr. Greenspan in this matter in any further capacity.

9. Pursuant to Plaintiffs Motion, the Court entered Default Judgment in favor of Plaintiff on June 16, 2011.

10. No prejudicial harm will occur to Mr. Greenspan if he is required by the Court to defend this action without me. He has tried many cases on his own in pro per and is pursuing numerous matters in Federal Court on his own behalf without counsel quite competently.

11. Mr. Greenspan also contradicts and ignores my legal advice by continuously communicating directly with opposing counsel through emails. He has done this repeatedly in this action, directly contrary to my legal advice not to do so, thus waiving the attorney client privilege. These emails to opposing counsel generally attempt to explain why he is unable or has failed to appear personally for his deposition. Generally, they explain why other legal matters

pending in Federal Court take precedence and are more important to him than this action. Irreconcilable differences have arisen between Mr. Greenspan and myself with respect to these matters including his obligations as a party to attend his deposition, inter alia. Other differences with respect to the legal theory and strategy to pursue at trial, and tactics, have also arisen recently between us, but those conflicts are protected by the attorney client privilege and cannot be disclosed without breaching such privilege. Suffice it to say that there presently exists substantial irreconcilable conflicts between us with respect to the manner and the way the Complaint should be defended. at trial. I cannot proceed to continue to represent Mr. Greenspan in the future and ethically defend this action. I cannot say more.

12. Thus, there has occurred recently a complete breakdown of the attorney/client relationship between Mr. Greenspan and myself, which he chose to share with opposing counsel. I cannot ethically or with continued ardor and zeal continue to represent Mr. Greenspan any further in this matter.

13. A further and compelling additional reason why I need to be permitted to withdraw as counsel for LiveUniverse in this action is that Mr. Greenspan has failed and refuses to pay both my legal fees and costs of suit in this and other legal matters despite having sufficient economic resources to do so fully. At the present time, not including my efforts on his behalf the past months of May and June for which I have yet to bill him, Mr. Greenspan owes my law firm in excess of $84,737.25 with respect to all matters in which I am counsel of record, including this one. I am a sole practitioner. This failure and refusal to pay my law firm's legal fees has caused my family and me enormous economic hardship and stress. This outstanding balance (in excess of $84,737.25 for all matters) is an additional reason why I cannot continue to represent LiveUniverse and Mr. Greenspan in this and other legal matters. On June 10, 2011, I informed Defendant Brad Greenspan

1  that I will be moving to withdraw in all of the matters in which I am counsel of
2  record for Mr. Greenspan and LiveUniverse, Inc.
3       14. However, Liveuniverse, Inc. will require time to retain a competent trial
4  attorney who will need to get up to speed to the facts of this case in order to
5  provide Liveuniverse, Inc. with competent representation for the best possible
6  outcome.
7       I declare under penalty of perjury that the foregoing is true and correct
8  Executed this 18th day of July, 2011 at Los Angeles, California.

By: *Joel R. Bennett*
Joel R. Bennett, Declarant

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; I am employed in the Office of a Member of the Bar of This Court, and our business is located at 239 S. Mansfield Avenue, Los Angeles, California 90036

On July 18, 2011, I caused to be served a true and correct copy of the foregoing document described as:

**NOTICE OF MOTION AND MOTION TO BE GRANTED LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS LIVEUNIVERSE, INC. AND BRAD GREENSPAN; DECLARATION OF JOEL R. BENNETT**

on the interested parties in this action electronically via E-Mail to the e-mail address of the interested parties listed below through the CM/ECF electronic filing system of the U.S. District Court:

Paul M Fakler      fakler.paul@arentfox.com

Ross J Charap      charap.ross@arentfox.com

Eric Roman   roman.eric@arentfox.com

Brian H. Newman      bnewman@buchalter.com

Jeffrey Robert Makin      makin.jeffrey@arentfox.com

Michael L Turrill   turrill.michael@arentfox.com

And by First Class Mail postage prepaid addressed to:

Brad Greenspan
Liveuniverse, Inc.
2177 Sunset Plaza Drive
Los Angeles, California
Defendants

[XX ] (Federal)  I declare that I am employed in the office of a member of the bar of their court at whose direction the service was made.

Dated: July 18, 2011                    By: /S/  Joel R. Bennett
                                            Joel R. Bennett

1
PROOF OF SERVICE